# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TOMMY DALE ROWELL (#523758)**                    CIVIL ACTION

**VERSUS**

**JAMES LEBLANC, ET AL.**                                        17-517-JWD-RLB

# NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 24, 2018.

                                                                            _____
                                                                            **RICHARD L. BOURGEOIS, JR.**
                                                                            **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TOMMY DALE ROWELL (#523758)**                                  CIVIL ACTION

**VERSUS**

                                                                 **17-517-JWD-RLB**

**JAMES LEBLANC, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion for Summary Judgment (R. Docs. 9).[1] The Motion is opposed. *See* R. Doc. 13.

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against James LeBlanc, Darrel Vannoy, Tracy Falgout, Dr. Randy Lavespere, Dr. Coullard, Dr. Paul Toce, and the Louisiana Department of Public Safety and Corrections. He complains that the defendants have been deliberately indifferent to his serious medical needs.

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, and a certified copy of the plaintiff's pertinent Request for Administrative Remedy. The plaintiff opposes the Motion relying upon the pleadings, a Statement of Undisputed Facts, and excerpts of his pertinent Request for Administrative Remedy.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v.*

---

[1] The Motion is not filed on behalf of Dr. Coullard. The summons issued to Dr. Coullard was returned unexecuted. The return indicates that Dr. Coullard is "unknown at DOC." The plaintiff has not taken any additional steps to effectuate service on this defendant. Accordingly, it is recommended that any claims against Dr. Coullard be dismissed without prejudice for failure to serve him within the time periods required under Rule 4 of the Federal Rules of Civil Procedure.

*Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges that the defendants have been deliberately indifferent to his serious medical needs which include glaucoma, a neck tumor, and leg and back pain from a prior surgery.  In response to the plaintiff's allegations, the moving defendants

contend that the plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies. Specifically, the defendants assert that the plaintiff prematurely filed suit prior to receiving a Second Step Response to his ARP bearing number LSP-2017-1099. The plaintiff asserts that he filed an Emergency Grievance which requires screening "without unreasonable delay," and that he believed he was entitled to file suit 90 days after acceptance of his ARP.

In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[2] This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson*, *supra*, 385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id.*

A review of the certified copy of the plaintiff's pertinent Request for Administrative Remedy shows that the plaintiff submitted an ARP signed May 9, 2017 that was received by the

---

[2] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

legal programs office on May 10, 2017.  *See* R. Doc. 9-3; pgs. 4-5.  The plaintiff's ARP was denied at the First Step on June 12, 2017, and the First Step Response was received by the plaintiff on June 21, 2017.  *See* R. Doc. 9-3; pgs. 8 and 13.  On June 22, 2017, the plaintiff requested to proceed to the Second Step, and his request was received on July 11, 2017.  *See* R. Doc. 9-3; pg. 3.  On August 3, 2017, the plaintiff filed suit in this Court.  On August 29, 2017, the plaintiff's request was denied at the Second Step, and the Second Step Response was received by the plaintiff on September 10, 2017.  *See* R. Doc. 9-3; pgs. 14-15.

Based on the foregoing, the Court finds that the plaintiff did not exhaust his available administrative remedies in connection with the claims asserted herein prior to filing suit.  In this regard, the Louisiana Department of Public Safety and Corrections has implemented a two-step administrative process that involves the submission of an initial grievance to the warden's office at the inmate's facility.  *See* 22 La. ADC, Part I, § 325.  The administrative rules further provide that an inmate who is confronted with a matter of sufficient seriousness may bypass the normal administrative procedure and may file a grievance as one addressing a "problem of an emergency nature."  *See* 22 La. ADC, Part I, § 325(H).  Such an emergency grievance is submitted directly to the shift supervisor instead of to the warden's office as with a normal grievance.  In either instance, upon receipt, prison officials then have a 40-day period (reduced to 5 days in connection with a Prison Rape Elimination Act claim) during which, absent a requested extension or absent placement of the grievance on administrative backlog (because of other grievances still pending), they are obligated to provide a written response to the grievance.  *See* 22 La. Admin. Code, Part I, § 325(J)(1)(a).

If the inmate is not satisfied with the First Step Response, the inmate has five days within which to submit a Second Step appeal to the office of the Secretary of the Department, after

which the Secretary's office has an additional 45 days from "receipt" of the inmate's appeal to file a final Second Step response thereto. *See* 22 La. Admin. Code, Part I, § 325(J)(1)(b). No more than 90 days from the initiation to the completion of the process shall elapse, unless an extension has been granted. *Id.* As pertinent to the instant case, the administrative rules specifically provide that, upon passage of the time allowed for a response at any step of the administrative process, the inmate may proceed unilaterally to the next step thereof. *See* 22 La. Admin. Code, Part I, § 325(J)(1)(c).

The plaintiff's request to proceed to the Second Step was received on July 11, 2017; therefore, the Secretary had until August 25, 2017 to issue a Second Step Response. The plaintiff filed suit prior to the passage of time allowed for a response at the Second Step. The plaintiff also filed suit prior to the expiration of the overall 90 day time limitation, which would have been August 7, 2017.[3] Accordingly, the plaintiff did not exhaust his administrative remedies prior to filing suit, and the defendants' Motion for Summary Judgment should be granted. *Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (remanding to district court with instruction to grant defendant's motion for summary judgment because pre-filing exhaustion of prison grievance processes is mandatory).

## RECOMMENDATION

It is recommended that any claims against Dr. Coullard be dismissed without prejudice for failure to serve him within the time periods required under Rule 4 of the Federal Rules of Civil Procedure. It is further recommended that the remaining defendants' Motion for Summary Judgment (R. Doc. 9) be granted, dismissing the plaintiff's claims asserted against these

---

[3] The plaintiff states in his Statement of Undisputed Facts, sworn pursuant to the provisions of 28 U.S.C. § 1746, that "he may have acted prematurely in filing this lawsuit a few days earlier than legally permitted."

defendants for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, and that this action be dismissed without prejudice.

    Signed in Baton Rouge, Louisiana, on April 24, 2018.

                                     **RICHARD L. BOURGEOIS, JR.**
                                     **UNITED STATES MAGISTRATE JUDGE**